IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY BRYAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | |
| RALPH LAUREN CORPORATION, | § | **JURY TRIAL DEMANDED** |
| RALPH LAUREN RETAIL, INC., | § | |
| LEOHT, INC., and KICKSTARTER, INC., | § | |
| | § | |
| Defendants. | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

COME NOW Plaintiff, Jimmy Bryan, and by and through his undersigned counsel, files this, his Original Complaint for Patent Infringement against Defendants, Ralph Lauren Corporation, Ralph Lauren Retail, Inc., Leoht, Inc., and Kickstarter, Inc. (collectively "Defendants") and would show as follows:

### I.   NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Patent No. 6,340,235 and Patent No. 6,637,909 (collectively the "Patents-in-Suit"), which were duly and legally issued by the United States Patent and Trademark Office (hereinafter "USPTO"), copies of which are attached hereto as Exhibits 1 and 2, respectively.

2. Each of the Patents-in-Suit traces its priority back to Application No. 09/005,655 (hereinafter "the '655 Application), which was filed with the USPTO on January 12, 1998, and was the parent of Application No. 09/460,368 (hereinafter "the '368 Application"), which was filed with the USPTO on December 13, 1999 and issued as United States Patent No. 6,340,235. Application No. 10/050,977 (hereinafter "the '977 Application") was a continuation-in-part of

the '368 Application, which was filed January 18, 2002 and issued as United States Patent No. 6,637,909.

3. Plaintiff is the owner of the Patents-in-Suit and possesses all right, title, and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendants for infringement and recover past damages. Plaintiff further seeks injunctive relief and monetary damages.

## II.   GENERAL ALLEGATIONS AND PARTIES

4. Plaintiff, Jimmy Bryan, is an individual residing in Houston, Harris County, Texas.

5. Defendant, Ralph Lauren Corporation is a corporation organized and existing under the laws of the State of Delaware with its principle place of business at 9 Polito Ave., Lyndhurst, NJ 07071, and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

6. Defendant, Ralph Lauren Retail, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal office at 625 Madison Avenue, New York, NY 10022, and which may be served with process via its registered agent with the Texas Secretary of State, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Ste 620, Austin, TX 78701.

7. Defendants, Ralph Lauren Corporation and Ralph Lauren Retail, Inc., will be hereinafter collectively referred to as "Ralph Lauren."

8. Defendant, Leoht, Inc. (hereinafter "Leoht"), is purportedly a corporation per its website at www.leoht.co,[1] but the undersigned has currently been unable to locate any record denoting Leoht's state of incorporation, but, upon information and belief, Leoht may be served

---

[1] Website last visited August 14, 2015.

through its founder and CEO, Carnise McIntosh, at her address of 3733 28th St., Apt. 8, Long Island City, NY 11101-2631.

9. Defendant, Kickstarter, Inc. (hereinafter "Kickstarter"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 58 Kent Street, Brooklyn, NY 11222, which may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

### III. JURISDICTION AND VENUE

10. This action arises under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.*, including 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§1331 and 1338(a).

11. The Court has personal jurisdiction over Defendants because: Defendants have minimum contacts within the State of Texas and in the Southern District of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Southern District of Texas; Defendants have sought protection and benefits from the laws of the State of Texas; Defendants regularly conduct business within the State of Texas and within the Southern District of Texas, and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Southern District of Texas.

12. More specifically, Defendants, directly and/or through their intermediaries, ship, distribute, make, use, import, offer for sale, sell, provide access to, receive proceeds from the sale of and/or advertise their products and affiliated services in the United States, the State of Texas, and the Southern District of Texas. Upon information and belief, Defendants have

committed patent infringement in the State of Texas and in the Southern District of Texas. Defendants solicit customers in the State of Texas and in the Southern District of Texas. Defendants have paying customer and/or other consumers who are residents of the State of Texas and the Southern District of Texas and who use Defendant's products in the State of Texas and in the Southern District of Texas.

13. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

IV. **INFRINGEMENT OF U.S. PATENT NO. 6,340,235 (AGAINST ALL DEFENDANTS)**

14. Plaintiff re-alleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

15. Plaintiff is the owner of all right, title, and interest in United States Patent No. 6,340,235 entitled "Adaptable Electric Accessory System for Containers, Receptacles, and the Like," duly and legally issued by the USPTO on January 22, 2002 (hereinafter "the '235 Patent"). A true and correct copy of the '235 Patent is attached hereto as Exhibit 1.

16. The '235 Patent generally describes and claims an adaptable electric accessory system for containers, receptacles, purses, bags, luggage, and the like for illuminating said receptacle and powering electronic devices associated with the receptacle. For example, claim 1 of the '235 Patent describes an illuminating accessory system comprised of a retainer device with a light source for illuminating objects in the receptacle and an electrical power source to allow charging for electrical devices. *See* Ex. 1. Claim 25 of the '235 Patent describes an adaptable electric accessory system comprising a receptacle, a receptacle interior compartment with a power source for supplying power, a charging apparatus for providing power to the power source, the charging apparatus may comprise a charging base. In addition, claim 32 of the '235

Patent describes the adaptable electric accessory system comprising a power adapting apparatus for supplying power to an electrical device, the power adapting apparatus being connected to the power source. *Id.*

17. Moreover, claim 34 of the '235 Patent describes an adaptable electric accessory system for powering an electronic device through a device connector, comprising of: a receptacle with an interior compartment for receiving the electronic device; an illumination apparatus operably positioned on the receptacle to light the interior compartment; a power source mounted to the receptacle and electrically connected to the illumination apparatus for providing power to the illumination apparatus, the power source including a rechargeable battery in the interior compartment of the receptacle; and a power adapter connector electrically connected to the power source and operable to electrically connect to the device connector for providing power to the electronic device. *Id.* Furthermore, claim 36 of the '235 Patent describes the adaptable electric accessory system of claim 34, wherein the receptacle includes a purse and the electronic device includes a portable phone such that the portable phone may be electrically connected to the power source through the power adapter connector. *Id.*

18. The other claims within the '235 Patent not expressly mentioned above, i.e., claims 2-24, 26-31, 33, 35, and 37 of the '235 Patent, describe other related receptacle electrical accessory systems. The embodiments of the '235 patent are found in, among other potential items, a "handbag" or "purse having a shoulder strap," and also include "luggage, plastic bags, waterproof scuba bags, military & camping backpacks, general purpose back packs, emergency medical equipment containers, emergency fire fighting equipment containers, police equipment containers, NASA-shuttle and space station tool and equipment bags." *See* Ex. 1.

19. Defendants have infringed and continue to infringe, literally and/or under the

doctrine of equivalents, one or more claims of the '235 Patent under 35 U.S.C.§271 by making, using, offering to sell, making available for sell, providing a platform for the sale of, selling, distributing, and/or importing into the United States the patented invention within the United States.  Specifically, Ralph Lauren has infringed and continues to infringe the '235 Patent by making, using, offering to sell, selling, distributing, and/or importing into the United States its Ricky Bag With Light, which is a receptacle with the precise electric accessory system at issue with the Patents-in-Suit.

20. Further, Leoht has infringed and continues to infringe the '235 Patent by making, using, offering to sell, selling, distributing, and/or importing the Leoht Tote.  Similarly, Kickstarter is likewise liable for said infringement, as Kickstarter has infringed or continues to infringe, or otherwise contributed to and/or otherwise induced Leoht to infringe on the '235 Patent by providing the means, methods, and platform for the design, sale, marketing, funding, and/or other actions to promote the design, production, sale, and/or distribution of Leoht's product—the Leoht Tote—which infringes upon Plaintiff's '235 Patent.  Upon information and belief, Kickstarter has benefited financially from Leoht's product, i.e., the Leoht Tote, which infringes upon the '235 Patent in the manners described above.

21. As a result of Defendants' infringing activities with respect to the '235 Patent, Plaintiff has suffered damages in an amount not yet ascertained.  Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendants' infringement of Plaintiff's exclusive rights under the '235 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

6

4815-3256-8358.v1

## V.     INFRINGEMENT OF U.S. PATENT NO. 6,637,909 (AGAINST ALL DEFENDANTS)

22.     Plaintiff re-alleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

23.     Plaintiff is the owner of all right, title, and interest in United States Patent No. 6,637,909 entitled "Adaptable Electric Accessory System for Containers, Receptacles, and the Like," duly and legally issued by the USPTO on October 28, 2003 (hereinafter "the '909 Patent").  A true and correct copy of the '909 Patent is attached hereto as Exhibit 2.

24.     The '909 Patent generally describes and claims an adaptable electric accessory system for containers, receptacles, purses, bags, luggage, and the like.  The adaptable accessory systems described in claims 1-19 of the '909 Patent generally involve a receptacle with an interior compartment, an illumination source in the interior of the receptacle, a power supply assembly including an accessory power connector to charge electric devices and a power source assembly including a rechargeable battery, a battery charger, and a power charging jack for connecting to an external power source to provide power to the battery charger.  *See* Ex. 2.  In the '909 patent, the illumination apparatus includes illuminating interior panels, fiber optic and/or fiber optic material, or other sources of illumination, including "chemilluminescent, fluorescent, incandescent, laser, LED, infrared, or other wavelengths of light, or any other type of light which can assist a user to see the interior of the receptacle." *See* Ex. 2.  The '909 patent further discusses a charging apparatus for the receptacle and its power source, including a "charging base" where upon the receptacle and/or its power source re-charge as needed.  *See id.*

25.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '909 Patent under 35 U.S.C.§271 by making, using, offering to sell, making available for sell, providing a platform for the sale of, selling,

distributing, and/or importing into the United States the patented invention within the United States. Specifically, Ralph Lauren has infringed and continues to infringe the '909 Patent by making, using, offering to sell, selling, distributing, and/or importing into the United States its Ricky Bag With Light, which is a receptacle with the precise electric accessory system at issue with the Patents-in-Suit.

26.   Further, Leoht has infringed and continues to infringe the '909 Patent by making, using, offering to sell, selling, distributing, and/or importing the Leoht Tote. Similarly, Kickstarter is likewise liable for said infringement, as Kickstarter has infringed or continues to infringe, or otherwise contributed to and/or otherwise induced Leoht to infringe on the '909 Patent by providing the means, methods, and platform for the design, sale, marketing, funding, and/or other actions to promote the design, production, sale, and/or distribution of Leoht's product—the Leoht Tote—which infringes upon Plaintiff's '909 Patent. Upon information and belief, Kickstarter has benefited financially from Leoht's product, i.e., the Leoht Tote, which infringes upon the '909 Patent in the manners described above.

27.   As a result of Defendants' infringing activities with respect to the '909 Patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendants' infringement of Plaintiff's exclusive rights under the '909 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### VI.   PLAINTIFF'S DEMAND FOR JURY TRIAL

28.   Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution

and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jimmy Bryan, requests that summons be issued and that Defendants, Ralph Lauren Corporation, Ralph Lauren Retail, Inc., Leoht, Inc., and Kickstarter, Inc., be cited to appear herein, and that upon a trial on the merits of this cause, Plaintiff prays he be awarded judgment as follows:

1. A judicial determination that United States Patent No. 6,340,235 is valid and enforceable;

2. A judicial determination and declaration that Defendants have infringed on United States Patent No. 6,340,235;

3. A judicial determination and decree that Defendants' infringement of United States Patent No. 6,340,235 is willful;

4. A judicial determination that United States Patent No. 6,637,909 is valid and enforceable;

5. A judicial determination and declaration that Defendants have infringed on United States Patent No. 6,637,909;

6. A judicial determination and decree that Defendants' infringement of United States Patent No. 6,637,909 is willful;

7. An award of damages to Plaintiff resulting from Defendants' past and present infringement of United States Patent No. 6,340,235 and the trebling of such damages because of the willful and deliberate nature of Defendants' infringement;

8. An award of damages to Plaintiff resulting from Defendants' past and present infringement of United States Patent No. 6,637,909 and the trebling of such damages because of

the willful and deliberate nature of Defendants' infringement;

9. Temporary, preliminary and permanent injunctive relief enjoining against further infringement of United States Patent No. 6,340,235 by Defendants, their officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with them or on their behalf;

10. Temporary, preliminary and permanent injunctive relief enjoining against further infringement of United States Patent No. 6,3637,909 by Defendants, their officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with them or on their behalf;

11. An assessment of prejudgment interest on damages awarded to Plaintiff;

12. A declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to Plaintiff of its attorneys' fees and costs in this action against Defendants; and

13. Such other and further relief to which Plaintiff is justly entitled.

> Respectfully submitted,
>
> **Coats | Rose, P.C.**
>
> By:_____
> Bradley J. Reeves
> Texas State Bar No. 24068266
> Fed. I.D. No. 1138553
> 9 Greenway Plaza, Suite 1100
> Houston, TX 77046
> (713) 651-0111 Telephone
> (713) 651-0220 Facsimile
> Email: breeves@coatsrose.com
>
> **ATTORNEY FOR PLAINTIFF, JIMMY BRYAN**

4815-3256-8358.v1